UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **05-14059**



CATHERINE EALY-SIMON, on
behalf of herself and all others
similiary situated,

    Plaintiffs,
v.

LIBERTY MEDICAL SUPPLY, INC., a Florida Corporation,
STEPHEN C. FARRELL, WARREN KEITH TROWBRIDGE,
and JAVIER CINTRON

    Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiff, CATHERINE EALY-SIMON, by and through her undersigned attorneys, and sues the Defendants, LIBERTY MEDICAL SUPPLY, INC., STEPHEN C. FARRELL, WARREN KEITH TROWBRIDGE and JAVIER CINTRON and says as follows:

### Introduction

1. This is a complaint pursuant to the Fair Labor Standards Act (29 U.S.C. § 201, et seq.) for unpaid overtime wages, liquidated damages, attorney's fees, pre-judgment interest, costs, and injunctive relief. The Plaintiff, CATHERINE EALY-SIMON, a resident of Fort Pierce, Florida, and former employee of the Defendants, seeks recovery of overtime pay which was due to her but remained unpaid during her employment by the Defendants. Defendants intentionally miscalculated the rate of overtime pay when they failed to include the production

bonuses received by Plaintiff in determining the amount of overtime owed to her. During her employment she was underpaid, on occasion, as much a $300 per pay period in overtime pay.

2. Plaintiff seeks recovery of the accumulated unpaid overtime for the entire three (3) years prior to the filing of this action. In addition, she seeks to represent other employees of the Defendants employed during this same period. It is estimated that at least three thousand (3000) such employees were similarly situated and subjected to underpayment of overtime pay. In addition to payment of the unpaid overtime, Plaintiff seeks recovery of liquidated (double) damages equal to the amount of the unpaid overtime, for herself, and for all other employees similarly situated.

## Jurisdiction

3. Jurisdiction in the Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. Section 201, et seq. Jurisdiction is founded upon §216(b) of the FLSA.

## Parties

4. At all times material hereto, Plaintiff CATHERINE EALY-SIMON was and is a resident of St. Lucie County, Florida. Plaintiff was employed by the Defendants from approximately July, 2000 through March, 2004. Plaintiff was a non-exempt employee of Defendants who is, or was subject to the payroll practices and procedures described below and who worked in excess of forty (40) hours during one (1) or more weeks beginning on or after more than three (3) years prior to the filing of this complaint.

5. Defendant LIBERTY MEDICAL SUPPLY, INC., is a duly organized corporation licensed to conduct business in the State of Florida. It employed the Plaintiff and the other similarly situated employees in its combined facilities in St. Lucie County, Florida.

2

6. Defendant STEPHEN C. FARRELL was at all times material to the causes of action herein a director, officer and majority shareholder of Defendant LIBERTY MEDICAL SUPPLY, INC. Defendant STEPHEN C. FARRELL is a part-time resident of Florida, with his primary residence in Massachusetts.

7. Defendant WARREN KEITH TROWBRIDGE was, until early 2004, a director, officer and/or majority shareholder of Defendant LIBERTY MEDICAL SUPPLY, INC. TROWBRIDGE was a resident of Florida for all times pertinent hereto.

8. Defendant JAVIER CINTRON was the employed supervisor of the Defendant corporation in charge of and in control of the payment of wages, overtime pay, production bonuses and incentives to Plaintiff and other similarly situated employees. Defendant CINTRON is an adult resident of Florida.

9. At times material hereto, Plaintiff EALY-SIMON was employed by Defendant LIBERTY MEDICAL SUPPLY, INC. Though the payroll checks for Plaintiff were on the checking account of LIBERTY MEDICAL SUPPLY, INC., on occasion Plaintiff worked for the benefit of other corporations, closely related to LIBERTY MEDICAL SUPPLY, INC., and which conducted business at the St. Lucie County operations of LIBERTY MEDICAL SUPPLY, INC.

10. Plaintiff was at all times supervised by Defendant FARRELL, and/or Defendant TROWBRIDGE, and her pay, incentives, and bonuses were subject to the control of Defendants FARRELL, TROWBRIDGE and CINTRON.

11. At all times material hereto, Defendants FARRELL, TROWBRIDGE, and CINTRON did act directly in the interests of Defendant LIBERTY MEDICAL SUPPLY, INC., in relation to Plaintiff and other employees and actively participated in the day-to-day operations

3

of the corporate Defendant. Thus all Defendants were "employers" of the Plaintiff as defined in 29 U.S.C. § 203(d), and Plaintiff was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1). (At all times hereafter, when referring to "employer" or "defendants," the allegations will be referring to all of the Defendants unless otherwise indicated.)

General Allegations

12. From July, 2000 until March, 2004, Plaintiff EALY-SIMON was employed by Defendants as a customer service and/or sales representative. At all times material hereto, Plaintiff was individually engaged in commerce, and the work she performed was directly essential to the interstate business performed by the Defendants.

13. At all times material hereto, the Defendants employed persons who regularly were and are engaged in commerce or in the production of goods for commerce, with Defendant LIBERTY MEDICAL SUPPLY, INC. having annual gross volume of sales or business done of not less than Five Hundred Thousand Dollars ($500,000.00). Defendant LIBERTY MEDICAL SUPPLY, INC. was and is an enterprise engaged in commerce or in the production of goods for commerce as defined within Sections 203(r) and (s) of the FLSA.

14. During the three (3) years immediately preceding the filing of the Complaint herein, Plaintiff EALY-SIMON was paid an hourly wage of between $8.50 and $9.45 per hour on a weekly basis.

15. In the course of employment with Defendants, Plaintiff worked the number of hours required of her, but was not paid the correctly calculated time and one-half for all hours worked in excess of forty (40) during a work week. Plaintiff routinely worked in excess of forty (40) hours per week during her employment by Defendants. For a large part of her tenure with

Defendant LIBERTY MEDICAL SUPPLY, Plaintiff's employer had at least one day of mandatory overtime per week for its employees.

16. Defendants employed Plaintiff for work weeks longer than forty (40) hours and willfully failed to compensate her for hours worked in excess of forty (40) hours a week at a rate of at least one and one-half times the regular rate at which she was employed, contrary to the requirements of Section 7 of the FLSA (29 U.S.C. §207). Plaintiff is entitled to be paid time and one-half of her base rate of pay for each hour worked in excess of forty (40) per week.

17. During the time of Plaintiff's employment, and continuing through the date of the filing of this Complaint, the Defendant repeatedly established non-discretionary production bonuses for its many employees. Among the bonuses provided to Plaintiff were those based upon the number of minutes she spent on the phone soliciting sales during a shift, the amount of times she was able to get customers to "ask" for a referral to the Pharmacy Sales Department, the amount of times she was able to get customers to "ask' for a referral to the branch of the employer which sold shoes, and the amount of product she would sell on behalf of the employers during a given period of time. For example, Plaintiff was paid $.50 for each lancing device she sold, $2.00 for each order of insulin she sold, $25.00 for each penis pump she sold, and $25.00 for each voice digital system she sold.

18. In order to obtain these bonuses, Plaintiff often worked overtime and should have been compensated for her overtime at a rate which incorporated the amount of bonuses she received during each work week. Though this overtime pay was due to the Plaintiff, it was not paid by the employer.

19. As one example of this practice, Plaintiff received a production bonus of $934.04 for the period ending March 15, 2004. During the payperiod ending March 15, Plaintiff worked

5

25.48 hours of overtime. Assuming that this production bonus was earned in the two week pay period[1], Plaintiff's overtime pay rate should have been $27.586. Though Plaintiff was paid overtime in the amount of $361.18 for the 25.48 hours of overtime at the rate of $14.175 per hour, her total overtime pay should have been $702.883. Thus, she was underpaid $341.703 in overtime pay for this pay period. See Exhibits A (paycheck), Exhibit B (incentive checks), and Exhibit C (summary) attached and incorporated herein.

20. The Defendants, in an attempt to obscure the amount of overtime pay due its employees and/or to obscure the relationship between payment of production bonuses and calculation of overtime pay, paid its employees on a bi-weekly basis but made separate payments of incentives and production bonuses to employees on a semi-monthly basis, instead of including the production bonuses in the regular bi-weekly paycheck. Sometimes Platiniff would receive three (3) checks for the same pay period.

21. As a direct and proximate result of Defendants deliberate underpayment of wages, Plaintiff has been damaged in the loss of wages including lost overtime compensation.

22. Defendants acted wilfully in failing to pay Plaintiff her overtime compensation as required by the FLSA and thus she is seeking overtime compensation for the three (3) years immediately preceding the filing of the Complaint herein.

23. Plaintiff has retained the services of the undersigned counsel and is obliged to pay the firm a reasonable attorney's fee and costs incurred in this action.

24. Plaintiff seeks recovery of unpaid wages for overtime for the three (3) years preceding the filing of this Complaint, an equal amount in liquidated damages, prejudgment interest, any benefits tied to wages earned, reasonable attorney's fees and costs.

---

1. The checks paid for production bonuses and regular pay do not correspond. Thus, it is difficult to ascertain when a bonus was earned and to which week it should apply in calculation of the correct overtime rate.

## Statutory Collective Action

25. Plaintiff realleges and incorporates paragraphs 1-24 as if fully set forth herein.

26. Plaintiff brings this action on behalf of herself and other similarly situated employees and former employees of Defendants for overtime compensation and other relief pursuant to the FLSA, as amended.

27. The additional persons who may become plaintiffs in this action are non-exempt employees of Defendants who worked in excess of forty (40) hours during any work week, who did not directly supervise two (2) or more full-time employees, and who were not paid time and one-half as mandated by 29 U.S.C. §207.

28. Records, if any, concerning the actual number of hours worked by Defendants' employees and former employees and the actual compensation paid to employees similarly situated to Plaintiff are in the possession, care, custody, and control of Defendants. The Plaintiff is unable at this time to state the exact amount due and owing each similarly situated employee. Such information will be obtained by appropriate discovery proceedings to be conducted promptly in this case.

29. For more than three (3) years preceding the filing of this Complaint, the Defendants knowingly, willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the FLSA (29 U.S.C. § 207 and § 215(a)(2)) by employing persons in an enterprise engaged in commerce or in the production of goods for commerce, for work weeks longer than forty (40) hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the base rates at which they were employed.

30. All similarly situated employees are owed their overtime rates for each overtime hour each employee worked and was not paid at the statutory rate of time and one-half, including

provision for an increase in the overtime pay rate when production bonuses were earned by the employees of Defendants.

31.   As a direct and proximate result of Defendants' intentional and willful disregard for the FLSA, all similarly situated employees are entitled to unpaid overtime wages for the three (3) year period immediately preceding the filing of this Complaint.

32.   Any other employee or former employee who consents to join in this action as a plaintiff is entitled to recover unpaid wages for overtime for the three (3) years preceding the filing of this Complaint, an equal amount in liquidated damages, pre-judgment interest, any benefits tied to wages earned, reasonable attorney's fees and costs.

33.   The Defendants continue to fail to abide by the statutes and regulations which control and regulate the payment of overtime to the employees of LIBERTY MEDICAL SUPPLY, INC. Defendants should be enjoined and prevented from further violations of the Fair Labor Standards Act.

WHEREFORE, Plaintiff CATHERINE EALY-SIMON, and all similarly situated employees or former employees demand judgment against Defendants LIBERTY MEDICAL SUPPLY, INC., STEPHEN C. FARRELL, WARREN KEITH TROWBRIDGE, and JAVIER CINTRON as follows:

(a)   for compensatory damages for the wages and overtime payments due them, an additional equal amount as liquidated damages, together with prejudgement interest, any benefits tied to wages earned, reasonable attorney's fees and costs pursuant to the FLSA;

(b)   permanently enjoining Defendants and all persons in active concernt or participation with them from violating the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. § 207 and § 215(a)(2);

(c) permanently enjoining Defendants and all persons in active concerns or participation with them from violating the provisions of Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), and the Regulations at 29 CFR § 516, and to make, keep and preserve adequate and accurate records of the person employed and of the wages, hours and other conditions and practices of employment; and

(d) grant such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, CATHERINE EALY-SIMON demands trial by jury of all issues so triable.

Respectfully submitted this _____ day of February, 2005.

The Cullen Law Firm, P.A.
*Attorneys for Plaintiffs*
Concourse Tower II – Suite 400
2090 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Telephone: 561.640.9191
Telephone: 800.501.4084
Facsimile: 561.214.4021

By: _____
    Mark A. Cullen
    Florida Bar No. 325082

By: _____
    Beth L. Blechman
    Florida Bar No. 599522

EXHIBIT "A"

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | 036 |

Earnings Statement

**ADP**

LIBERTY MEDICAL SUPPLY, INC.
10045 S. FEDERAL HIGHWAY
PORT ST. LUCIE, FL 34952
(561)398-5800 PAYROLL ACCOUNT

Period Ending: 03/14/2004
Pay Date: 03/18/2004

Taxable Marital Status: Single
Exemptions/Allowances:
   Federal: 3
   State: No State Income Tax

**CATHERINE EALY-SIMON**

Social Security Number:

| **Earnings** | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 9.4500 | 80.00 | 756.00 | 4,127.95 |
| Overtime | 14.1750 | 25.48 | 361.18 | 1,544.66 |
| Sick | 9.4500 | 1.70 | 16.07 | 72.01 |
| Holiday | | | | 378.00 |
| Incentive | | | | 2,138.27 |
| Lmsp Lead Inc | | | | 70.50 |
| Personal | | | | 75.60 |
| Prizes &Awards | | | | 367.00 |
| **Gross Pay** | | | **$1,133.25** | 8,773.99 |

| **Other Benefits and Information** | this period | total to date |
|---|---|---|
| Personal | | 7.97 |
| Sick | | 37.47 |
| Vacation | | 50.00 |

**Important Notes**
EFF. APR 1ST  UNITED HEALTHCARE'S EAP - CARE 24 - 24 HRS A DAY 7 DAYS A WEEK CALL 1-888-887-4114

| **Deductions** | **Statutory** | | |
|---|---|---|---|
| | Federal Income Tax | -78.19 | 431.90 |
| | Social Security Tax | -66.41 | 520.92 |
| | Medicare Tax | -15.53 | 121.83 |
| | **Other** | | |
| | Dental | -26.00* | 156.00 |
| | Health | -36.00* | 216.00 |
| | Savings1 | -891.53 | |
| | Short Term Dis | -9.00 | |
| | 401 L | -10.59 | 63.54 |
| | **Net Pay** | **$0.00** | |

\* Excluded from federal taxable wages

Your federal taxable wages this period are
$1,071.25

---

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

LIBERTY MEDICAL SUPPLY, INC.
10045 S. FEDERAL HIGHWAY
PORT ST. LUCIE, FL 34952
(561)398-5800 PAYROLL ACCOUNT

Advice number: 00000124228
Pay date: 03/18/2004

Deposited to the account of
**CATHERINE EALY-SIMON**

| account number | transit ABA | amount |
|---|---|---|
| | | $891.53 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

THE ORIGINAL DOCUMENT HAS AN ARTIFICIAL WATERMARK ON THE BACK. HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT.

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. |
|---|---|---|---|---|
| DVF | 103296 | 200000 | | 036 0000124228 |

Page 2

**Earnings Statement** 

LIBERTY MEDICAL SUPPLY, INC.
10045 S. FEDERAL HIGHWAY
PORT ST. LUCIE, FL 34952
(561)398-5800 PAYROLL ACCOUNT

Period Ending: 03/14/2004
Pay Date: 03/18/2004

Taxable Marital Status: Single
Exemptions/Allowances:
    Federal: 3
    State: No State Income Tax

Social Security Number: ▓▓▓▓▓▓

CATHERINE EALY-SIMON

### Time Card Detail

| DATE | IN | OUT | IN | OUT | TOTAL |
|---|---|---|---|---|---|
| Mon 03/01 | 8:28am | 10:54am | 10:59am | 1:29pm | |
| Mon 03/01 | 1:57pm | 3:52pm | 3:58pm | 7:59pm | 11:01 |
| Tue 03/02 | 8:28am | 11:06am | 11:14am | 2:28pm | |
| Tue 03/02 | 2:59pm | 4:17pm | 4:27pm | 4:35pm | |
| Tue 03/02 | 4:57pm | 9:37pm | | | 12:08 |
| Wed 03/03 | 8:25am | 11:12am | 11:27am | 1:37pm | |
| Wed 03/03 | 2:05pm | 3:50pm | 4:03pm | 8:09pm | 11:06 |
| Thu 03/04 | 8:29am | 11:15am | 11:30am | 1:38pm | |
| Thu 03/04 | 2:05pm | 3:43pm | 3:51pm | 6:38pm | 9:34 |
| Fri 03/05 | 8:23am | 10:52am | 11:05am | 1:37pm | |
| Fri 03/05 | 2:06pm | 3:11pm | 3:19pm | 5:30pm | 8:34 |
| Sat 03/06 | NO PUNCHES | | | | |
| Sun 03/07 | NO PUNCHES | | | | |
| Mon 03/08 | 8:43am | 11:00am | 11:17am | 1:24pm | |
| Mon 03/08 | 1:57pm | 3:41pm | 3:51pm | 6:26pm | 8:40 |
| Tue 03/09 | 8:27am | 10:51am | 11:03am | 1:30pm | |
| Tue 03/09 | 2:06pm | 3:40pm | 3:52pm | 8:38pm | 11:31 |
| Wed 03/10 | 8:26am | 11:01am | 11:20am | 1:38pm | |
| Wed 03/10 | 2:08pm | 3:39pm | 3:47pm | 8:56pm | 11:30 |
| Thu 03/11 | 8:10am | 11:37am | 11:48am | 1:40pm | |
| Thu 03/11 | 2:09pm | 3:36pm | 3:48pm | 5:42pm | 8:59 |
| Fri 03/12 | 8:25am | 11:07am | 11:13am | 1:24pm | |
| Fri 03/12 | 1:55pm | 3:14pm | | | 6:18 |
| Sat 03/13 | 9:04am | 10:57am | 11:11am | 1:55pm | |
| Sat 03/13 | 2:00pm | 3:16pm | | | 6:08 |
| Sun 03/14 | NO PUNCHES | | | | |

---

**CONTINUED FROM PRIOR PAGE**
**YOUR VOUCHER IS PROVIDED ON PAGE 1**

THIS IS NOT A CHECK
**NON-NEGOTIABLE**

EXHIBIT "B"

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | 036 |
|---|---|---|---|---|---|
| JLT | 013210 | 210000 | | 00000130127 | 1 |

# Earnings Statement

**ADP**

LIBERTY MEDICAL SUPPLY, INC.  
10045 S. FEDERAL HIGHWAY  
PORT ST. LUCIE, FL 34952  
(561)398-5800 PAYROLL ACCOUNT

Period Ending: 03/15/2004  
Pay Date: 03/25/2004

Taxable Marital Status: Single  
Exemptions/Allowances:  
   Federal: 3  
   State: No State Income Tax

*Incnt.*

CATHERINE EALY-SIMON

Social Security Number: ▮

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Incentive | | | 622.04 | 2,760.31 |
| Lmsp Lead Inc | | | 21.00 | 91.50 |
| Regular | | | | 4,127.95 |
| Overtime | | | | 1,544.66 |
| Holiday | | | | 378.00 |
| Personal | | | | 75.60 |
| Prizes & Awards | | | | 367.00 |
| Sick | | | | 72.01 |
| **Gross Pay** | | | **$643.04** | 9,417.03 |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Personal | | 7.97 |
| Sick | | 37.47 |
| Vacation | | 50.00 |

| Deductions | | | |
|---|---|---|---|
| **Statutory** | | | |
| Federal Income Tax | | -18.34 | 450.24 |
| Social Security Tax | | -39.87 | 560.79 |
| Medicare Tax | | -9.32 | 131.15 |
| **Other** | | | |
| Savings1 | | -575.51 | |
| Dental | | | 156.00 |
| Health | | | 216.00 |
| 401 L | | | 63.54 |
| **Net Pay** | | **$0.00** | |

Your federal taxable wages this period are $643.04

---

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

LIBERTY MEDICAL SUPPLY, INC.  
10045 S. FEDERAL HIGHWAY  
PORT ST. LUCIE, FL 34952  
(561)398-5800 PAYROLL ACCOUNT

Advice number: 00000130127  
Pay date: 03/25/2004

| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| CATHERINE EALY-SIMON | ▮ | ▮ | $575.51 |

*THIS IS NOT A CHECK*

# NON-NEGOTIABLE

THE ORIGINAL DOCUMENT HAS AN ARTIFICIAL WATERMARK ON THE BACK. HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT

JLT  013210 210000   0000130128  2

# Earnings Statement

**ADP**

LIBERTY MEDICAL SUPPLY, INC.
10045 S. FEDERAL HIGHWAY
PORT ST. LUCIE, FL 34952
(561)398-5800 PAYROLL ACCOUNT

Period Ending: 03/15/2004
Pay Date: 03/25/2004

Taxable Marital Status: Single
Exemptions/Allowances:
    Federal: 3
    State:   No State Income Tax

*Incen.*

Social Security Number: [redacted]

**CATHERINE EALY-SIMON**

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Incentive | | | 300.00 | 3,060.31 |
| Regular | | | | 4,127.95 |
| Overtime | | | | 1,544.66 |
| Holiday | | | | 378.00 |
| Lmsp Lead Inc | | | | 91.50 |
| Personal | | | | 75.60 |
| Prizes &Awards | | | | 367.00 |
| Sick | | | | 72.01 |
| **Gross Pay** | | | **$300.00** | 9,717.03 |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Personal | | 7.97 |
| Sick | | 37.47 |
| Vacation | | 50.00 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Social Security Tax | -18.60 | 579.39 |
| | Medicare Tax | -4.35 | 135.50 |
| | Federal Income Tax | | 450.24 |
| | **Other** | | |
| | Savings1 | -277.05 | |
| | Dental | | 156.00 |
| | Health | | 216.00 |
| | 401 L | | 63.54 |
| **Net Pay** | | **$0.00** | |

Your federal taxable wages this period are $300.00

---

LIBERTY MEDICAL SUPPLY, INC.
10045 S. FEDERAL HIGHWAY
PORT ST. LUCIE, FL 34952
(561)398-5800 PAYROLL ACCOUNT

Advice number: 00000130128
Pay date: 03/25/2004

| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| CATHERINE EALY-SIMON | [redacted] | [redacted] | $277.05 |

**THIS IS NOT A CHECK**

**NON-NEGOTIABLE**

EXHIBIT "C"

SUMMARY OF OVERTIME CALCULATION FOR
FOR CATHERINE EALY-SIMON

PAY PERIOD ENDING 3/14/04

| | |
|---|---|
| Hourly Rate: | $9.45 |
| Regular Overtime Rate[1]: | $14.175 |
| Regular Hours Worked: | 80.00 |
| Overtime Hours Worked: | 25.48 |
| Total Hours Worked: | 105.48 |
| Production Bonus: | $934.04 |

*In order to determine the correct overtime rate for a week in which a production bonus was paid, the following formula is used:*

Overtime Rate = (1.5 X Base Rate)

Base Rate = $\dfrac{\text{(Hourly Rate X Total Hours Worked)} + \text{Production Bonus}}{\text{Total Hours Worked}}$

Base Rate = $\dfrac{(\$9.45 \text{ X } 105.48 \text{ hours}) + \$934.04}{105.48 \text{ hours}}$

= $\dfrac{(\$996.79 + \$934.04)}{105.48}$

= $18.39

Overtime Rate = $27.586

For 25.48 hours of overtime
  Ealy-Simon should have been paid    $702.883    (25.48 X $27.586)
  Ealy-Simon was actually paid        $361.180    (25.48 X $14.175)

### Balance due to Ealy-Simon      $341.703

---

[1] Regular Overtime Rate applies when there is no production bonus.

**%JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CATHERINE EALY-SIMON on behalf of herself and all similarly situated persons

**DEFENDANTS**
LIBERTY MEDICAL SUPPLY, INC., a Florida Corporation, STEPHEN C. FARRELL, WARREN KEITH TROWBRIDGE, and JAVIER CINTRON

**05-14059**

(b) County of Residence of First Listed Plaintiff    St. Lucie
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    St. Lucie
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

05CV14059 MOORE/FJL

(c) Attorney's (Firm Name, Address, and Telephone Number)
The Cullen Law Firm, P.A., 2090 Palm Beach Lakes Blvd., S-400
West Palm Beach, FL 33409; Telephone: 561.640.9191
Telephone: 800.501.4084; Facsimile: 561.214.4021

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|                                      | PTF | DEF |                                                           | PTF | DEF |
|--------------------------------------|-----|-----|-----------------------------------------------------------|-----|-----|
| Citizen of This State                | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State             | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                                            | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 29 U.S.C. 201 et seq.

Brief description of cause: Unpaid Overtime Wages

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** Overtime wages amount to be determined

**CHECK YES only if demanded in complaint:**
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 2/24/05

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # 221742   AMOUNT $150.00   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___