UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 05-14059-CIV-MOORE/Lynch



CATHERINE EALY-SIMON, GEORGE
BOND, BRYAN BRUKWICKI, PATRICE
DAVIS-JOHNSON, ANDY GILL, GINA
LAVIGNE, NANETTE NAYLOR,
TIMOTHY S. RULE and DONNA RUSSELL,
on behalf of themselves and all similarly
situated persons,

       Plaintiffs,

v.

LIBERTY MEDICAL SUPPLY, INC., a
Florida Corporation, LIBERTY HOME
PHARMACY CORPORATION, a Delaware
Corporation, LIBERTY MEDICAL SUPPLY
PHARMACY, INC., f/k/a LIBERTY
DIABETES SERVICES, INC., a Delaware
Corporation, STEPHEN C. FARRELL,
WARREN KEITH TROWBRIDGE, and
JAVIER CINTRON,

       Defendants.

_____/

## AMENDED COMPLAINT

COME NOW the Plaintiffs, CATHERINE EALY-SIMON, GEORGE BOND, BRYAN

BRUKWICKI, PATRICE DAVIS-JOHNSON, ANDY GILL, GINA LAVIGNE, NANETTE

NAYLOR, TIMOTHY S. RULE and DONNA RUSSELL, by and through their undersigned

attorneys, and sue the Defendants, LIBERTY MEDICAL SUPPLY, INC., LIBERTY HOME

PHARMACY CORPORATION, LIBERTY MEDICAL SUPPLY PHARMACY, INC.,

STEPHEN C. FARRELL, WARREN KEITH TROWBRIDGE, and JAVIER CINTRON, and

say as follows:

## INTRODUCTION

1.      This is a Complaint pursuant to the Fair Labor Standards Act (29 U.S.C. § 201, et seq.) for unpaid wages, unpaid overtime wages, liquidated damages, attorney's fees, pre-judgment interest, costs, and injunctive relief.   The Plaintiffs, former employees of the Defendants, seek recovery of lost wages and overtime pay which was due to them but remained unpaid during their employment by the Defendants.  Defendants intentionally miscalculated the rate of regular wages and overtime pay when they failed to pay employees for all time worked and failed to include the production bonuses received by Plaintiffs in determining the amount of overtime owed to them.  During their employment they were underpaid, on occasion, as much as $300 per pay period in lost wages and overtime pay.

2.      Plaintiffs seek recovery of the accumulated unpaid lost wages and unpaid overtime for the entire three (3) years prior to the filing of this action.  In addition, they seek to represent other current and former employees of the Defendants employed during this same period.  It is estimated that at least three thousand (3000) such employees were similarly situated and subjected to underpayment of overtime pay.  In addition to payment of the unpaid lost wages and overtime, Plaintiffs seek recovery of liquidated (double) damages equal to the amount of the unpaid lost wages and overtime, for themselves, and for all other employees similarly situated.

## JURISDICTION

3.      Jurisdiction in the Court is proper as claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. Section 201, et seq. Jurisdiction is founded upon §216(b) of the FLSA.

## PARTIES

4.      The Plaintiffs to this action are identified as follows:

(a)     At all times material hereto, Plaintiff CATHERINE EALY-SIMON, hereinafter "EALY-SIMON," was and is a resident of St. Lucie County, Florida. Plaintiff was employed by the Defendants from approximately July 2000 through March 2004. Plaintiff was a non-exempt employee of Defendants who is, or was, subject to the payroll practices and procedures described below and who worked in excess of forty (40) hours during one (1) or more weeks beginning on or after more than three (3) years prior to the filing of this complaint.

(b)     At all times material hereto, Plaintiff GEORGE BOND, hereinafter "BOND," was and is a resident of St. Lucie County, Florida. Plaintiff was employed by the corporate Defendant LIBERTY MEDICAL SUPPLY, INC. from approximately April 2004 through October 2004, making $8.00 to $8.50 per hour, usually working in the OPA Department.

(c)     At all times material hereto, Plaintiff BRYAN BRUKWICKI, hereinafter "BRUKWICKI," is a resident of Hillsborough County, Florida. Plaintiff was employed by the corporate Defendant LIBERTY MEDICAL SUPPLY, INC. from approximately August 1999 through October 2003, making $7.75 per hour, working usually in the Initial Sales Department.

(d)     At all times material hereto, Plaintiff PATRICE DAVIS-JOHNSON, hereinafter "DAVIS-JOHNSON," was and is a resident of St. Lucie County, Florida. Plaintiff was employed by the corporate Defendant LIBERTY MEDICAL SUPPLY, INC. from approximately September 2001 through May 2005, making $8.00 to $9.00 per hour, working usually in the Customer Service Department.

(e)     At all times material hereto, Plaintiff ANDY GILL, hereinafter "GILL," was and is a resident of Martin County, Florida. Plaintiff was employed by the corporate Defendant LIBERTY MEDICAL SUPPLY, INC. from approximately May 1998 through November 2002, making $7.75 per hour, working usually in the Initial Sales Department.

(f)     At all times material hereto, Plaintiff GINA LAVIGNE, hereinafter "LAVIGNE," was and is a resident of St. Lucie County, Florida.  Plaintiff was employed by the corporate Defendants LIBERTY MEDICAL SUPPLY, INC. and LIBERTY HOME PHARMACY CORPORATION, in total, from approximately May 2002 through April 2005, making $8.00 to $8.50 per hour, working usually in the Insurance Verification, Claims, and OPA Departments.

(g)     At all times material hereto, Plaintiff NANETTE NAYLOR, hereinafter "NAYLOR," was and is a resident of Martin County, Florida.  Plaintiff was employed by the corporate Defendants LIBERTY MEDICAL SUPPLY, INC. and LIBERTY MEDICAL SUPPLY PHARMACY, INC., in total, from approximately December 2000 through October 2003, making $8.75 to $9.50 per hour, working usually in the billing and pharmacy sales departments.

(h)     At all times material hereto, Plaintiff TIMOTHY S. RULE, hereinafter "RULE," was and is a resident of Martin County, Florida. Plaintiff was employed by the corporate Defendant LIBERTY MEDICAL SUPPLY, INC. from approximately December 2000 through October 2003, making $7.75 per hour, working usually in the Initial Sales Department.

(i)     At all times material hereto, Plaintiff DONNA RUSSELL, hereinafter "RUSSELL" was and is resident of St. Lucie County, Florida. Plaintiff was employed by the corporate Defendant LIBERTY HOME PHARMACY CORPORATION from approximately June 2003 through February 2005, making $10.00 to $10.30 per hour, working usually in the HCP, OCR, OPA, and Customer Service Departments.

(j)     Each and every Plaintiff was a non-exempt, hourly wage employee of Defendants who is, or was, subject to the payroll practices and procedures described below and

who worked in excess of forty (40) hours during one (1) or more weeks beginning on or after more than three (3) years prior to the filing of this complaint.

(k)     At all times material hereto, Plaintiffs were individually engaged in commerce, and the work they performed was directly essential to the interstate business performed by the corporate Defendants.

5.     The corporate Defendants to this action are identified as follows:

(a)     Defendant LIBERTY MEDICAL SUPPLY, INC., is a duly organized corporation licensed to conduct business in the State of Florida.   It employed Plaintiffs BRUKWICKI, BOND, DAVIS-JOHNSON, EALY-SIMON, GILL, LAVIGNE,  NAYLOR and RULE and the other similarly situated employees in its combined facilities in St. Lucie County, Florida.

(b)     Defendant LIBERTY MEDICAL SUPPLY PHARMACY, INC., is a duly organized corporation licensed to conduct business in the State of Florida.   It employed the Plaintiff NAYLOR and the other similarly situated employees in its combined facilities in St. Lucie County, Florida.

(c)     Defendant LIBERTY HOME PHARMACY CORPORATION, is a duly organized corporation licensed to conduct business in the State of Florida.   It employed the Plaintiffs LAVIGNE and RUSSELL and the other similarly situated employees in its combined facilities in St. Lucie County, Florida.

(d)     At all times material hereto, each of the corporate Defendants employed persons who regularly were and are engaged in commerce or in the production of goods for commerce, with the Defendants each having annual gross volume of sales or business done of not less than Five Hundred Thousand Dollars ($500,000.00).   Each corporate Defendant was and

is an enterprise engaged in commerce or in the production of goods for commerce as defined within Sections 203(r) and (s) of the FLSA.

6.      The individual Defendants to this action are identified as follows:

(a)      Defendant STEPHEN C. FARRELL was at all times material to the causes of action herein a director, officer and majority shareholder of Defendants LIBERTY MEDICAL SUPPLY, INC. and LIBERTY MEDICAL SUPPLY PHARMACY, INC.  Defendant STEPHEN C. FARRELL is a part-time resident of Florida, with his primary residence in Massachusetts.

(b)      Defendant WARREN KEITH TROWBRIDGE was, until early 2004, a director, officer and/or majority shareholder of Defendant LIBERTY MEDICAL SUPPLY, INC. TROWBRIDGE was a resident of Florida for all times pertinent hereto.

(c)      Defendant JAVIER CINTRON was the employed supervisor of the Defendant corporations in charge of and in control of the payment of wages, overtime pay, production bonuses and incentives to Plaintiffs and other similarly situated employees. Defendant CINTRON is an adult resident of Florida.

7.      All of the corporate Defendants are part of the same family of companies, part of PolyMedica Corporation, and share common facilties and management in the operations located primarily in Port St. Lucie, Florida.

8.      All of the corporations employ the same practices and procedures with respect to implementation of the "lunch break rule" and with respect to the calculation of the overtime rate for hourly-rate employees who have earned non-discretionary bonuses during the same pay period in which they have earned overtime.

## COUNT I

### EALY-SIMON AGAINST LIBERTY MEDICAL SUPPLY, INC., FARRELL, TROWBRIDGE, AND CINTRON

9.      At times material hereto, Plaintiff EALY-SIMON was employed by Defendant LIBERTY MEDICAL SUPPLY, INC.  Though the payroll checks for Plaintiff were on the checking account of LIBERTY MEDICAL SUPPLY, INC., on occasion Plaintiff worked for the benefit of other corporations, closely related to LIBERTY MEDICAL SUPPLY, INC., and which conducted business at the St. Lucie County operations of LIBERTY MEDICAL SUPPLY, INC.

10.      Plaintiff EALY-SIMON at all times was supervised by Defendant FARRELL, and/or Defendant TROWBRIDGE, and her pay, incentives, and bonuses were subject to the control of Defendants FARRELL, TROWBRIDGE and CINTRON.

11.      At all times material hereto, Defendants FARRELL, TROWBRIDGE, and CINTRON did act directly in the interests of Defendant LIBERTY MEDICAL SUPPLY, INC., in relation to Plaintiff EALY-SIMON and other employees and actively participated in the day-to-day operations of the corporate Defendant.  Thus all Defendants were "employers" of the Plaintiff as defined in 29 U.S.C. § 203(d), and Plaintiff was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1).

12.      From July 2000 until March 2004, Plaintiff EALY-SIMON was employed by Defendants as a  customer service and/or sales representative. At all times material hereto, Plaintiff was individually engaged in commerce, and the work she performed was directly essential to the interstate business performed by the Defendants.

13.      At all times material hereto, the Defendants employed persons who regularly were and are engaged in commerce or in the production of goods for commerce, with Defendant

LIBERTY MEDICAL SUPPLY, INC. having annual gross volume of sales or business done of not less than Five Hundred Thousand Dollars ($500,000.00). Defendant LIBERTY MEDICAL SUPPLY, INC. was and is an enterprise engaged in commerce or in the production of goods for commerce as defined within Sections 203(r) and (s) of the FLSA.

14.     During the three (3) years immediately preceding the filing of the Complaint herein, Plaintiff EALY-SIMON was paid an hourly wage of between $8.50 and $9.45 per hour on a weekly basis.

15.     In the course of employment with Defendants, Plaintiff worked the number of hours required of her, but was not paid for all hours worked or paid the correctly calculated time and one-half for all hours worked in excess of forty (40) during a work week. Plaintiff routinely worked in excess of forty (40) hours per week during her employment by Defendants. For a large part of her tenure with Defendant LIBERTY MEDICAL SUPPLY, Plaintiff's employer had at least one day of mandatory overtime per week for its employees.

16.     (a)     Defendants employed a "lunch break rule" which caused at least thirty (30) minutes to be deducted from the pay of employees regardless whether they took less than thirty (30) minutes for lunch. Plaintiff routinely took less than thirty (30) minutes for lunch. For example, if Plaintiff only took ten (10) minutes for lunch and then returned to work, her pay would reflect a deduction for the ten (10) minutes taken and a deduction for at least an additional twenty (20) minutes as enforcement of the "lunch break rule." Thus, Plaintiff was underpaid for actual time she worked as a result of this practice.

(b)     Defendants employed Plaintiff for work weeks longer than forty (40) hours and willfully failed to compensate her for hours worked in excess of forty (40) hours a week at a rate of at least one and one-half times the regular rate at which she was employed.

contrary to the requirements of Section 7 of the FLSA (29 U.S.C. §207). Plaintiff is entitled to be paid time and one-half of her base rate of pay for each hour worked in excess of forty (40) per week.

17.     During the time of Plaintiff's employment, and continuing through the date of the filing of this Complaint, the Defendants repeatedly established non-discretionary production bonuses for its many employees.  Among the bonuses provided to Plaintiff were those based upon the number of minutes she spent on the phone soliciting sales during a shift, the amount of times she was able to get customers to "ask" for a referral to the Pharmacy Sales Department, the amount of times she was able to get customers to "ask" for a referral to the branch of the employer which sold shoes, and the amount of product she would sell on behalf of the employers during a given period of time.  For example, Plaintiff was paid $.50 for each lancing device she sold, $2.00 for each order of insulin she sold, $25.00 for each  penis pump she sold, and $25.00 for each voice digital system she sold.

18.     In order to obtain these bonuses, Plaintiff often worked overtime and should have been compensated for her overtime at a rate which incorporated the amount of bonuses she received during each work week. Though this overtime pay was due to the Plaintiff, it was not paid by the employer.

19.     As one example of this practice, Plaintiff received a production bonus of $934.04 for the period ending March 15, 2004.  During the pay period ending March 15, Plaintiff worked 25.48 hours of overtime.  Assuming that this production bonus was earned in the two-week pay period[1], Plaintiff's overtime pay rate should have been $27.586.  Though Plaintiff was paid overtime in the amount of $361.18 for the 25.48 hours of overtime at the rate of $14.175 per

---

1. The checks paid for production bonuses and regular pay do not correspond. Thus, it is difficult to ascertain when a bonus was earned and to which week it should apply in calculation of the correct overtime rate.

hour, her total overtime pay should have been $702.883.  Thus, she was underpaid $341.703 in overtime pay for this pay period.  See Exhibit A (paycheck), Exhibit B (incentive checks), and Exhibit C (summary) attached and incorporated herein.

20.    (a)    The Defendants, in an attempt to hide their illegal practice of not paying employees for time worked, as a result of the effect of the "lunch break rule," told employees that they were "required by law" to deduct this time from their pay.

(b)    The Defendants, in an attempt to obscure the amount of overtime pay due its employees and/or to obscure the relationship between payment of production bonuses and calculation of overtime pay, paid its employees on a bi-weekly basis but made separate payments of incentives and production bonuses to employees on a semi-monthly basis, instead of including the production bonuses in the regular bi-weekly paycheck.  Sometimes Plaintiff would receive three (3) checks for the same pay period.

21.    As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of wages for time worked but for which no payment was received and for lost overtime compensation.

22.    Defendants acted wilfully in failing to pay Plaintiff her wage for all hours actually worked and her overtime compensation as required by the FLSA and thus, she is seeking unpaid wages overtime compensation and lost wages for the three (3) years immediately preceding the filing of the Complaint herein.

23.    Plaintiff has retained the services of the undersigned counsel and is obliged to pay the firm a reasonable attorney's fee and costs incurred in this action.

24.     Plaintiff seeks recovery of unpaid wages for overtime for the three (3) years preceding the filing of this Complaint, an equal amount in liquidated damages, prejudgment interest, any benefits tied to wages earned, reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, CATHERINE EALY-SIMON, demands judgment against Defendants LIBERTY MEDICAL SUPPLY, INC.,   STEPHEN C. FARRELL, WARREN KEITH TROWBRIDGE, and JAVIER CINTRON as follows:

(a)     for compensatory damages for lost pay for hours worked but for which no compensation was paid because of the effect of the "lunch break rule," for lost overtime to the extent that the operation of the "lunch break rule" deprived employees of credit for hours worked in excess of forty (40) hours per week, and for overtime compensation at the rate required by law, an additional equal amount as liquidated damages, together with prejudgment interest, any benefits tied to wages earned, reasonable attorney fees and costs pursuant to the FLSA;

(b)     permanently enjoining Defendants and all persons in active concert or participation with them from violating the provisions of Sections 6, 7 and 15(a)(2) of the FLSA, 29 U.S.C. § 206, § 207 and § 215(a)(2);

(c)     permanently enjoining Defendants and all persons in active concert or participation with them from violating the provisions of Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), and the Regulations at 29 CFR § 516, and to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment; and

(d)     grant such other and further relief as this Court deems just and proper.

## COUNT II

### BRUKWICKI, BOND, DAVIS-JOHNSON, GILL, LAVIGNE, NAYLOR AND RULE AGAINST LIBERTY MEDICAL SUPPLY, INC., FARRELL, TROWBRIDGE AND CINTRON

25.     Paragraphs 1 through 8, above, are referenced and realleged as if incorporated herein.

26.     At times material hereto, Plaintiffs BRUKWICKI, BOND, DAVIS-JOHNSON, GILL, LAVIGNE, NAYLOR and RULE, were employed by Defendant LIBERTY MEDICAL SUPPLY, INC. as set forth above in paragraph 4.

27.     Plaintiffs BRUKWICKI, BOND, DAVIS-JOHNSON, GILL, LAVIGNE, NAYLOR and RULE, at all times were supervised by Defendant FARRELL and/or Defendant TROWBRIDGE, and their pay, incentives, and bonuses were subject to the control of Defendants FARRELL, TROWBRIDGE and CINTRON.

28.     At all times material hereto, Defendants FARRELL, TROWBRIDGE and CINTRON did act directly in the interests of Defendant LIBERTY MEDICAL SUPPLY, INC., in relation to Plaintiffs and other employees and actively participated in the day-to-day operations of the corporate Defendant.  Thus all Defendants were "employers" of the Plaintiff as defined in 29 U.S.C. § 203(d), and Plaintiff was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1).

29.     At all times material hereto, the Defendants employed persons who regularly were and are engaged in commerce or in the production of goods for commerce, with Defendant LIBERTY MEDICAL SUPPLY, INC. having annual gross volume of sales or business done of not less than Five Hundred Thousand Dollars ($500,000.00).  Defendant LIBERTY MEDICAL

SUPPLY, INC. was and is an enterprise engaged in commerce or in the production of goods for commerce as defined within Sections 203(r) and (s) of the FLSA.

30.     Plaintiffs were subject to a company wide "lunch break rule" which reduced the total hours for which the employees were paid by as much as thirty (30) minutes per day based upon the amount of time the Plaintiffs took for lunch, as more fully set forth in paragraph 16(a) above.  Plaintiffs routinely took less than thirty (30) minutes for lunch and thus were deprived of wages due to them by operation of the "lunch break rule".

31.     During the time of Plaintiffs' employment, and continuing through the date of the filing of this Amended Complaint, the Defendants repeatedly established non-discretionary production bonuses for its many employees.  Among the bonuses provided to Plaintiff were those based upon sales or production goals being met by Plaintiffs.

32.     In order to obtain these bonuses, Plaintiffs often worked overtime and should have been compensated for their overtime at a rate which incorporated the amount of bonuses they earned during each work week.  Though this overtime pay was due to the Plaintiffs, it was not paid by the employer.

33.     (a)     The Defendants, in an attempt to hide their illegal practice of not paying employees for time worked, as a result of the effect of the "lunch break rule," told employees that they were "required by law" to deduct this time from their pay.

(b)     The Defendants, in an attempt to obscure the amount of overtime pay due its employees and/or to obscure the relationship between payment of production bonuses and calculation of overtime pay, paid its employees on a bi-weekly basis but made separate payments of incentives and production bonuses to employees on a semi-monthly basis, instead of including

the production bonuses in the regular bi-weekly paycheck.  Sometimes Plaintiffs would receive three (3) checks for the same pay period.

34.     This failure to pay wages due and overtime compensation due from Defendants was a deliberate and willful violation of the FLSA.

35.     As a direct and proximate result of Defendants deliberate underpayment of wages, Plaintiffs have been damaged in the loss of wages for time worked but for which no payment was received and for lost overtime compensation.

36.     Defendants acted wilfully in failing to pay Plaintiffs their wages for all hours actually worked and their overtime compensation as required by the FLSA and thus they are seeking unpaid lost wages and overtime compensation for the three (3) years immediately preceding the filing of the Complaint herein.

37.     Plaintiffs have retained the services of the undersigned counsel and are obliged to pay the firm a reasonable attorney's fee and costs incurred in this action.

38.     Plaintiffs seek recovery of unpaid wages and for overtime pay for the three (3) years preceding the filing of this Complaint, an equal amount in liquidated damages, prejudgment interest, any benefits tied to wages earned, reasonable attorney's fees and costs.

WHEREFORE, Plaintiffs demand judgment against Defendants LIBERTY MEDICAL SUPPLY, INC., STEPHEN C. FARRELL, WARREN KEITH TROWBRIDGE, and JAVIER CINTRON as follows:

(a)     for compensatory damages for lost pay for hours worked but for which no compensation was paid because of the effect of the "lunch break rule," for lost overtime to the extent that the operation of the "lunch break rule" deprived employees of credit for hours worked in excess of forty (40) hours per week, and for overtime compensation at the rate required by

law, an additional equal amount as liquidated damages, together with prejudgment interest, any benefits tied to wages earned, reasonable attorney fees and costs pursuant to the FLSA;

        (b)     permanently enjoining Defendants and all persons in active concert or participation with them from violating the provisions of Sections 6, 7 and 15(a)(2) of the FLSA, 29 U.S.C. § 206, §207 and § 215(a)(2);

        (c)     permanently enjoining Defendants and all persons in active concert or participation with them from violating the provisions of Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), and the Regulations at 29 CFR § 516, and to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment; and

        (d)     grant such other and further relief as this Court deems just and proper.

## COUNT III

## NAYLOR AGAINST LIBERTY MEDICAL SUPPLY PHARMACY, INC.

39.     Paragraphs 1 through 8, above, are referenced and realleged as if incorporated herein.

40.     Plaintiff NAYLOR was employed by both corporate Defendants LIBERTY MEDICAL SUPPLY, INC. and LIBERTY MEDICAL SUPPLY PHARMACY, INC. at different times between December 2000 through October 2003.  Plaintiff NAYLOR was employed by corporate Defendant LIBERTY MEDICAL SUPPLY PHARMACY, INC and worked in various departments for that company.

41.     In the course of employment with Defendants, Plaintiff worked the number of hours required of her, but she was not paid for all hours worked or paid the correctly calculated

time and one-half for all hours worked in excess of forty (40) during a work week. Plaintiff routinely worked in excess of forty (40) hours per week during her employment by Defendants.

42.     Plaintiff was subject to a company wide "lunch break rule" which reduced the total hours for which the employees were paid by as much as thirty (30) minutes per day based upon the amount of time the Plaintiff took for lunch, as more fully set forth in paragraph 16(a) above. Plaintiff routinely took less than thirty (30) minutes for lunch and thus was deprived of wages due to her by operation of the "lunch break rule."

43.     During the time of Plaintiff's employment, and continuing through the date of the filing of this Amended Complaint, the Defendants repeatedly established non-discretionary production bonuses for its many employees. Among the bonuses provided to Plaintiff were those based upon sales or production goals being met by Plaintiff.

44.     In order to obtain these bonuses, Plaintiff often worked overtime and should have been compensated for her overtime at a rate which incorporated the amount of bonuses they earned during each work week. Though this overtime pay was due to the Plaintiff, it was not paid by the employers.

45.     (a)     The Defendant, in an attempt to hide its illegal practice of not paying employees for time worked, as a result of the effect of the "lunch break rule," told employees that it was "required by law" to deduct this time from their pay.

        (b)     The Defendant, in an attempt to obscure the amount of overtime pay due its employees and/or to obscure the relationship between payment of production bonuses and calculation of overtime pay, paid its employees on a bi-weekly basis but made separate payments of incentives and production bonuses to employees on a semi-monthly basis, instead of including

16

the production bonuses in the regular bi-weekly paycheck.  Sometimes Plaintiff would receive three (3) checks for the same pay period.

46.     This failure to pay wages due and overtime compensation due from Defendant was a deliberate and willful violation of the FLSA.

47.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of wages for time worked but for which no payment was received and for lost overtime compensation.

48.     Defendant acted wilfully in failing to pay Plaintiff her wages for all hours actually worked and her overtime compensation as required by the FLSA and thus she is seeking unpaid lost wages and overtime compensation for the three (3) years immediately preceding the filing of the Complaint herein.

49.     Plaintiff has retained the services of the undersigned counsel and is obliged to pay the firm a reasonable attorney's fee and costs incurred in this action.

WHEREFORE, Plaintiff demands judgment against Defendant LIBERTY MEDICAL SUPPLY PHARMACY, INC., as follows:

(a)     for compensatory damages for lost pay for hours worked but for which no compensation was paid because of the effect of the "lunch break rule," for lost overtime to the extent that the operation of the "lunch break rule" deprived employees of credit for hours worked in excess of forty (40) hours per week, and for overtime compensation at the rate required by law, an additional equal amount as liquidated damages, together with prejudgment interest, any benefits tied to wages earned, reasonable attorney fees and costs pursuant to the FLSA;

(b)    permanently enjoining Defendant and all persons in active concert or participation with it from violating the provisions of Sections 6, 7 and 15(a)(2) of the FLSA, 29 U.S.C. § 206, § 207 and § 215(a)(2);

(c)    permanently enjoining Defendant and all persons in active concert or participation with it from violating the provisions of Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), and the Regulations at 29 CFR § 516, and to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment; and

(d)    grant such other and further relief as this Court deems just and proper.

**COUNT IV**

**LAVIGNE AND RUSSELL AGAINST
LIBERTY HOME PHARMACY CORPORATION**

50.    Paragraphs 1 through 8, above, are referenced and realleged as if incorporated herein.

51.    From May 2002 through April 2005, Plaintiff LAVIGNE was employed by Defendants LIBERTY MEDICAL SUPPLY, INC. and LIBERTY HOME PHARMACY CORPORATION, at different times, and worked in the Insurance Verification, Claims and OPA Departments of these two (2) entities.

52.    From June 2003 thorugh February 2005, Plaintiff RUSSELL was employed by Defendant LIBERTY HOME PHARMACY CORPORATION in the HCP, OCR, OPA and Customer Service Departments

53.    In the course of employment with Defendant LIBERTY HOME PHARMACY CORPORATION, Plaintiffs worked the number of hours required of them, but they were not paid for all hours worked or paid the correctly calculated time and one-half for all hours worked

in excess of forty (40) during a work week. Plaintiffs routinely worked in excess of forty (40) hours per week during their employment by Defendant.

54.     Plaintiffs were subject to a company wide "lunch break rule" which reduced the total hours for which the employees were paid by as much as thirty (30) minutes per day based upon the amount of time the Plaintiffs took for lunch, as more fully set forth in paragraph 16(a) above. Plaintiffs routinely took less than thirty (30) minutes for lunch and thus were deprived of wages due to them by operation of the "lunch break rule."

55.     During the time of Plaintiffs' employment, and continuing through the date of the filing of this Amended Complaint, the Defendant repeatedly established non-discretionary production bonuses for its many employees. Among the bonuses provided to Plaintiffs were those based upon sales or production goals being met by Plaintiffs.

56.     In order to obtain these bonuses, Plaintiffs often worked overtime and should have been compensated for her overtime at a rate which incorporated the amount of bonuses they earned during each work week. Though this overtime pay was due to the Plaintiffs, it was not paid by the employer.

57.     (a)     The Defendant, in an attempt to hide its illegal practice of not paying employees for time worked, as a result of the effect of the "lunch break rule," told employees that it was "required by law" to deduct this time from their pay.

        (b)     The Defendant, in an attempt to obscure the amount of overtime pay due its employees and/or to obscure the relationship between payment of production bonuses and calculation of overtime pay, paid its employees on a bi-weekly basis but made separate payments of incentives and production bonuses to employees on a semi-monthly basis, instead of including

the production bonuses in the regular bi-weekly paycheck. Sometimes Plaintiffs would receive three (3) checks for the same pay period.

58.     This failure to pay wages due and overtime compensation due from Defendant was a deliberate and willful violation of the FLSA.

59.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiffs have been damaged in the loss of wages for time worked but for which no payment was received and for lost overtime compensation.

60.     Defendant acted wilfully in failing to pay Plaintiffs their wages for all hours actually worked and her overtime compensation as required by the FLSA and thus they are seeking unpaid lost wages and overtime compensation for the three (3) years immediately preceding the filing of the Complaint herein.

61.     Plaintiffs have retained the services of the undersigned counsel and are obliged to pay the firm a reasonable attorney's fee and costs incurred in this action.

WHEREFORE, Plaintiffs demand judgment against Defendant LIBERTY HOME PHARMACY CORPORATION, as follows:

(a)     for compensatory damages for lost pay for hours worked but for which no compensation was paid because of the effect of the "lunch break rule," for lost overtime to the extent that the operation of the "lunch break rule" deprived employees of credit for hours worked in excess of forty (40) hours per week, and for overtime compensation at the rate required by law, an additional equal amount as liquidated damages, together with prejudgment interest, any benefits tied to wages earned, reasonable attorney fees and costs pursuant to the FLSA;

(b)     permanently enjoining Defendant and all persons in active concert or participation with it from violating the provisions of Sections 6, 7 and 15(a)(2) of the FLSA, 29 U.S.C. § 206, § 207 and § 215(a)(2);

(c)     permanently enjoining Defendant and all persons in active concert or participation with it from violating the provisions of Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), and the Regulations at 29 CFR § 516, and to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment; and

(d)     grant such other and further relief as this Court deems just and proper.

### COUNT V

### ALL PLAINTIFFS AGAINST ALL DEFENDANTS
### Statutory Collective Action

62.     Plaintiffs reallege and incorporate paragraphs 1 through 61 as if fully set forth herein.

63.     Plaintiffs, EALY-SIMON, BOND, BRUKWICKI, DAVIS-JOHNSON, GILL, LAVIGNE, NAYLOR, RULE and RUSSELL bring this action on behalf of themselves and other similarly situated employees and former employees of Defendants LIBERTY MEDICAL SUPPLY, INC., LIBERTY HOME PHARMACY CORPORATION, LIBERTY MEDICAL SUPPLY PHARMACY, INC., STEPHEN C. FARRELL, WARREN KEITH TROWBRIDGE, and JAVIER CINTRON, for lost wages and for overtime compensation and other relief pursuant to the FLSA, as amended.

64.     The corporate Defendants used the same practices and procedures with regard to implementation of the "lunch break rule" and with regard to the means by which they calculated

overtime pay for those employees who earned non-discretionary production or incentive bonuses during the weeks in which they earned overtime.

65.    The additional persons who may become plaintiffs in this action are all employees paid on an hourly rate who were employed by any of the Defendants at any time during the three (3) years prior to the filing of the complaint in this matter.  All such employees were subject to the application of the "lunch break rule."

66.    Other additional persons who may become plaintiffs in this action (who are included in the group defined in paragraph 65, above) are non-exempt employees of Defendants who were paid on an hourly wage basis and were subject to have worked in excess of forty (40) hours during any work week, who did not directly supervise two (2) or more full-time employees, and who were not paid time and one-half as mandated by 29 U.S.C. §207.

67.    Records, if any, concerning the actual number of hours worked by Defendants' employees and former employees and the actual compensation paid to employees similarly situated to Plaintiffs are in the possession, care, custody, and control of Defendants.   The Plaintiffs are unable at this time to state the exact amount due and owing each similarly situated employee.

68.    For more than three (3) years preceding the filing of this Complaint, the Defendants knowingly, willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the FLSA (29 U.S.C. § 207 and § 215(a)(2)) by employing persons in an enterprise engaged in commerce or in the production of goods for commerce, for work weeks longer than forty (40) hours without compensating such employees for their actual hours worked or for their employment in excess of such hours at rates not less than one and one-half times the base rates at which they were employed.

69.     All similarly situated employees are owed their lost wages and correct overtime rates for each overtime hour each employee worked and was not paid at the statutory rate of time and one-half, including provision for an increase in the overtime pay rate when production bonuses were earned by the employees of Defendants.

70.     As a direct and proximate result of Defendants' intentional and willful disregard for the FLSA, all similarly situated employees are entitled to unpaid overtime wages for the three (3) year period immediately preceding the filing of this Complaint.

71.     Any other employee or former employee who consents to join in this action as a plaintiff is entitled to recover unpaid wages and payment for overtime for the three (3) years preceding the filing of this Complaint, an equal amount in liquidated damages, pre-judgment interest, any benefits tied to wages earned, reasonable attorney's fees and costs.

72.     The Defendants continue to fail to abide by the statutes and regulations which control and regulate the payment of overtime to the employees of Defendants.  Defendants should be enjoined and prevented from further violations of the Fair Labor Standards Act.

WHEREFORE, Plaintiffs, CATHERINE EALY-SIMON, GEORGE BOND, BRYAN BRUKWICKI, PATRICE DAVIS-JOHNSON, ANDY GILL, GINA LAVIGNE, NANETTE NAYLOR, TIMOTHY S. RULE and DONNA RUSSELL and all similarly situated employees or former employees demand judgment against Defendants LIBERTY MEDICAL SUPPLY, INC., LIBERTY HOME PHARMACY CORPORATION, LIBERTY MEDICAL SUPPLY PHARMACY, INC., STEPHEN C. FARRELL, WARREN KEITH TROWBRIDGE, and JAVIER CINTRON, as follows:

(a)     for compensatory damages for lost pay for hours worked but for which no compensation was paid because of the effect of the "lunch break rule," for lost overtime to the

23

extent that the operation of the "lunch break rule" deprived employees of credit for hours worked in excess of forty (40) hours per week, and for overtime compensation at the rate required by law, an additional equal amount as liquidated damages, together with prejudgment interest, any benefits tied to wages earned, reasonable attorney fees and costs pursuant to the FLSA;

    (b) permanently enjoining Defendants and all persons in active concernt or participation with them from violating the provisions of Sections 6, 7 and 15(a)(2) of the FLSA, 29 U.S.C. § 206, § 207 and § 215(a)(2);

    (c) permanently enjoining Defendants and all persons in active concerns or participation with them from violating the provisions of Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), and the Regulations at 29 CFR § 516, and to make, keep and preserve adequate and accurate records of the person employed and of the wages, hours and other conditions and practices of employment; and

    (d) grant such other and further relief as this Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs demand trial by jury of all issues so triable.

Respectfully submitted this 2nd day of June, 2005.

        The Cullen Law Firm, P.A.
        *Attorneys for Plaintiffs*
        Concourse Tower II – Suite 400
        2090 Palm Beach Lakes Boulevard
        West Palm Beach, Florida 33409
        Telephone: 561.640.9191
        Telephone: 800.501.4084
        Facsimile: 561.214.4021

    By: _____
        Mark A. Cullen
        Florida Bar No. 325082
        Beth L. Blechman
        Florida Bar No. 599522

EXHIBIT "A"
TO AMENDED COMPLAINT

# Earnings Statement

**ADP**

ILT  2/8150 210000        0000124233   1
Page   2

LIBERTY MEDICAL S___LY, INC.
10045 S. FEDERAL HIGHWAY
PORT ST. LUCIE, FL 34952
(561)398-5800 PAYROLL ACCOUNT

Period ___ing:        03/14/2004
Pay Date:             03/18/2004

Taxable Marital Status: Single
Exemptions/Allowances:
   Federal:  3
   State:    No State Income Tax

Social Security Number: ██████████

CATHERINE EALY-SIMON

## Time  Card  Detail

| DATE | | IN | OUT | IN | OUT | TOTAL |
|------|------|------|------|------|------|------|
| Mon | 03/01 | 8:28am | 10:54am | 10:59am | 1:29pm | |
| Mon | 03/01 | 1:57pm | 3:52pm | 3:58pm | 7:59pm | 11:01 |
| Tue | 03/02 | 8:28am | 11:06am | 11:14am | 2:28pm | |
| Tue | 03/02 | 2:59pm | 4:17pm | 4:27pm | 4:35pm | |
| Tue | 03/02 | 4:57pm | 9:37pm | | | 12:08 |
| Wed | 03/03 | 8:25am | 11:12am | 11:27am | 1:37pm | |
| Wed | 03/03 | 2:05pm | 3:50pm | 4:03pm | 8:09pm | 11:06 |
| Thu | 03/04 | 8:29am | 11:15am | 11:30am | 1:38pm | |
| Thu | 03/04 | 2:05pm | 3:43pm | 3:51pm | 6:38pm | 9:34 |
| Fri | 03/05 | 8:23am | 10:52am | 11:05am | 1:37pm | |
| Fri | 03/05 | 2:06pm | 3:11pm | 3:19pm | 5:30pm | 8:34 |
| Sat | 03/06 | NO PUNCHES | | | | |
| Sun | 03/07 | NO PUNCHES | | | | |
| Mon | 03/08 | 8:43am | 11:00am | 11:17am | 1:24pm | |
| Mon | 03/08 | 1:57pm | 3:41pm | 3:51pm | 6:26pm | 8:40 |
| Tue | 03/09 | 8:27am | 10:51am | 11:03am | 1:30pm | |
| Tue | 03/09 | 2:06pm | 3:40pm | 3:52pm | 8:38pm | 11:31 |
| Wed | 03/10 | 8:26am | 11:01am | 11:20am | 1:38pm | |
| Wed | 03/10 | 2:08pm | 3:39pm | 3:47pm | 8:56pm | 11:30 |
| Thu | 03/11 | 8:10am | 11:37am | 11:48am | 1:40pm | |
| Thu | 03/11 | 2:09pm | 3:36pm | 3.48pm | 5:42pm | 8.59 |
| Fri | 03/12 | 8:25am | 11:07am | 11:13am | 1:24pm | |
| Fri | 03/12 | 1:55pm | 3:14pm | | | 6:18 |
| Sat | 03/13 | 9:04am | 10:57am | 11:11am | 1:55pm | |
| Sat | 03/13 | 2:00pm | 3:16pm | | | 6.08 |
| Sun | 03/14 | NO PUNCHES | | | | |

VERIFY DOCUMENT AUTHENTICITY COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTO

CONTINUED FROM PRIOR PAGE
YOUR VOUCHER IS PROVIDED ON PAGE 1

THIS IS NOT A CHECK

NON-NEGOTIABLE

THE ORIGINAL DOCUMENT HAS AN ARTIFICIAL WATERMARK ON THE BACK   HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT

**Earnings Statement**

ADP®

LIBERTY MEDICAL SUPPLY, INC.
10045 S. FEDERAL HIGHWAY
PORT ST. LUCIE, FL 34952
(561)398-5800 PAYROLL ACCOUNT

Period Ending: 03/14/2004
Pay Date: 03/18/2004

Taxable Marital Status: Single
Exemptions/Allowances:
  Federal: 3
  State:    No State Income Tax

CATHERINE EALY-SIMON

Social Security Number

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 9.4500 | 80.00 | 756.00 | 4,127.95 |
| Overtime | 14.1750 | 25.48 | 361.18 | 1,544.66 |
| Sick | 9.4500 | 1.70 | 16.07 | 72.01 |
| Holiday | | | | 378.00 |
| Incentive | | | | 2,138.27 |
| Lmsp Lead Inc | | | | 70.50 |
| Personal | | | | 75.60 |
| Prizes & Awards | | | | 367.00 |
| **Gross Pay** | | | **$1,133.25** | 8,773.99 |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Personal | | 7.97 |
| Sick | | 37.47 |
| Vacation | | 50.00 |

**Important Notes**
EFF. APR 1ST  UNITED HEALTHCARE'S EAP - CARE 24 - 24
HRS A DAY 7 DAYS A WEEK CALL 1-888-887-4114

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -78.19 | 431.90 |
| | Social Security Tax | -66.41 | 520.92 |
| | Medicare Tax | -15.53 | 121.83 |
| | **Other** | | |
| | Dental | -26.00* | 156.00 |
| | Health | -36.00* | 216.00 |
| | Savings1 | -891.53 | |
| | Short Term Dis | -9.00 | |
| | 401 L | -10.59 | 63.54 |
| | **Net Pay** | **$0.00** | |

\* Excluded from federal taxable wages

Your federal taxable wages this period are
$1,071.25

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTO

LIBERTY MEDICAL SUPPLY, INC.
10045 S. FEDERAL HIGHWAY
PORT ST. LUCIE, FL  34952
(561)398-5800 PAYROLL ACCOUNT

Advice number:    00000124228
Pay date:    03/18/2004

THIS IS NOT A CHECK

Deposited to the account of          account number     transit ABA          amount
CATHERINE EALY-SIMON                                                          $891.53

**NON-NEGOTIABLE**

THE ORIGINAL DOCUMENT HAS AN ARTIFICIAL WATERMARK ON THE BACK · HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENTS

EXHIBIT "B"
TO AMENDED COMPLAINT

LIBERTY MEDICAL SUPPLY, INC.
10045 S. FEDERAL HIGHWAY
PORT ST. LUCIE, FL 34952
(561)398-5800 PAYROLL ACCOUNT

**Earnings Statement** ADP®

Period Ending: 03/15/2004
Pay Date: 03/25/2004

Taxable Marital Status: Single
Exemptions/Allowances:
Federal: 3
State: No State Income Tax

*Incent.*

Social Security Number:

**CATHERINE EALY-SIMON**

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Incentive | | | 622.04 | 2,760.31 |
| Lmsp Lead Inc | | 21.00 | | 91.50 |
| Regular | | | | 4,127.95 |
| Overtime | | | | 1,544.66 |
| Holiday | | | | 378.00 |
| Personal | | | | 75.60 |
| Prizes &Awards | | | | 367.00 |
| Sick | | | | 72.01 |
| **Gross Pay** | | | **$643.04** | 9,417.03 |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Personal | | 7.97 |
| Sick | | 37.47 |
| Vacation | | 50.00 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -18.34 | 450.24 |
| | Social Security Tax | -39.87 | 560.79 |
| | Medicare Tax | -9.32 | 131.15 |
| | Other | | |
| | Savings1 | -575.51 | |
| | Dental | | 156.00 |
| | Health | | 216.00 |
| | 401 L | | 63.54 |
| | **Net Pay** | **$0.00** | |

Your federal taxable wages this period are $643.04

THIS DOCUMENT HAS A COLORED BACKGROUND AND MICROPRINTING, THE BACK CONTAINS AN ARTIFICIAL WATERMARK, HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT

LIBERTY MEDICAL SUPPLY, INC.
10045 S. FEDERAL HIGHWAY
PORT ST. LUCIE, FL 34952
(561)398-5800 PAYROLL ACCOUNT

Advice number: 00000130127
Pay date: 03/25/2004

THIS IS NOT A CHECK

| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| CATHERINE EALY-SIMON | | | $575.51 |

**NON-NEGOTIABLE**

THE ORIGINAL DOCUMENT HAS AN ARTIFICIAL WATERMARK ON THE BACK. HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT.

JLT   013210 210000          000130128   2

# Earnin~ Statement                                    ADP

LIBERTY MEDICAL SUPPLY. INC.                    Period Ending:    03/15/2004
10045 S. FEDERAL HIGHWAY                         Pay Date:         03/25/2004
PORT ST. LUCIE, FL 34952
(561)398-5800 PAYROLL ACCOUNT

Taxable Marital Status: Single                  **CATHERINE EALY-SIMON**
Exemptions/Allowances:
    Federal: 3
    State:     No State Income Tax

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Incentive |     |       | 300.00      | 3,060.31     |
| Regular   |     |       |             | 4,127.95     |
| Overtime  |     |       |             | 1,544.66     |
| Holiday   |     |       |             | 378.00       |
| Lmsp Lead Inc | |       |             | 91.50        |
| Personal  |     |       |             | 75.60        |
| Prizes & Awards | |     |             | 367.00       |
| Sick      |     |       |             | 72.01        |
| **Gross Pay** | | |  **$300.00** | 9,717.03 |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Personal |  | 7.97 |
| Sick |  | 37.47 |
| Vacation |  | 50.00 |

| Deductions | Statutory |  |  |
|---|---|---|---|
|  | Social Security Tax | -18.60 | 579.39 |
|  | Medicare Tax | -4.35 | 135.50 |
|  | Federal Income Tax |  | 450.24 |
|  | **Other** |  |  |
|  | Savings1 | -277.05 |  |
|  | Dental |  | 156.00 |
|  | Health |  | 216.00 |
|  | 401 L |  | 63.54 |
|  | **Net Pay** |  | **$0.00** |

Your federal taxable wages this period are $300.00

---

LIBERTY MEDICAL SUPPLY, INC.          Advice number:    00000130128
10045 S. FEDERAL HIGHWAY              Pay date:         03/25/2004
PORT ST. LUCIE, FL 34952
(561)398-5800 PAYROLL ACCOUNT

| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| CATHERINE EALY-SIMON |  |  | $277.05 |

THIS IS NOT A CHECK

# NON-NEGOTIABLE

EXHIBIT "C"
TO AMENDED COMPLAINT

SUMMARY OF OVERTIME CALCULATION FOR
FOR CATHERINE EALY-SIMON

PAY PERIOD ENDING 3/14/04

| | |
|---|---|
| Hourly Rate: | $9.45 |
| Regular Overtime Rate[1]: | $14.175 |
| Regular Hours Worked: | 80.00 |
| Overtime Hours Worked: | 25.48 |
| Total Hours Worked: | 105.48 |
| Production Bonus: | $934.04 |

*In order to determine the correct overtime rate for a week in which a production bonus was paid, the following formula is used:*

| | | |
|---|---|---|
| Overtime Rate = | | (1.5 X Base Rate) |
| Base Rate | = | (Hourly Rate X Total Hours Worked) + Production Bonus |
| | | Total Hours Worked |

| | | |
|---|---|---|
| Base Rate | = | ($9.45 X 105.48 hours) + $934.04 |
| | | 105.48 hours |
| | = | ($996.79 + $934.04) |
| | | 105.48 |
| | = | $18.39 |
| Overtime Rate = | | $27.586 |

For 25.48 hours of overtime

| | | |
|---|---|---|
| Ealy-Simon should have been paid | $702.883 | (25.48 X $27.586) |
| Ealy-Simon was actually paid | $361.180 | (25.48 X $14.175) |

Balance due to Ealy-Simon     $341.703

---

[1] Regular Overtime Rate applies when there is no production bonus.