UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-14059-CIV-MOORE/LYNCH

CATHERINE EALY-SIMON on behalf
of herself and all others similarly situated,

     Plaintiffs,

v.

LIBERTY MEDICAL SUPPLY, INC., et al.,

     Defendants.

_____/

*CLOSED CIVIL CASE*

## ORDER RESOLVING REMAINING ISSUES OF LAW AND FACT; STRIKING PLAINTIFFS' REPLY BRIEF AND MEMORANDUM OF LAW OPPOSING DEFENDANTS' RETAIL OR SERVICE ESTABLISHMENT EXEMPTION; STRIKING DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MEMORANDUM REGARDING THEIR AFFIRMATIVE DEFENSE APPLYING THE EXEMPTION PURSUANT TO 29 U.S.C. § 207(i); CLOSING CASE

THIS CAUSE came before the Court upon the hearing held March 6, 2007. At that

hearing, the parties agreed that to the extent issues of fact remain to be decided, they may be

decided by the Court. The parties also agreed that three issues of law remained to be decided:

1) Whether Plaintiffs may recover for unpaid "straight time" wages
2) The precise period of damage recovery
3) Whether the 49 disputed Plaintiffs are exempt from the FLSA

This Court set a briefing schedule (DE # 706). Each party filed a memorandum, a response, and

a reply on each issue of law (DE # 708-725). Plaintiffs' Reply Brief and Memorandum of Law

Opposing Defendants' Retail or Service Establishment Exemption (DE # 723) and Defendants'

Reply Memorandum to Plaintiffs' Response to Defendants' Memorandum Regarding their

Affirmative Defense Applying the Exemption Pursuant to 29 U.S.C. § 207(i) (DE # 722) are 13

and 21 pages, respectively, and therefore violate Local Rule 7.1(C)(2). Accordingly, they are

STRUCK.

UPON CONSIDERATION of the memoranda and the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

I.    BACKGROUND

The corporate Defendants are owned by or are subsidiaries of PolyMedica Corporation and constitute a common enterprise in the retailing of diabetes-related medicine and goods. PolyMedica, a Massachusetts corporation, operates its daughter corporations in Port St. Lucie, Florida.  The Plaintiffs number nearly 300 current and former hourly-paid employees of these corporate defendants.  The Plaintiffs worked in various departments and divisions, with a variety of different supervisors.  However, the Defendants all used a common payroll system and shared common personnel policies which Liberty Medical Supply, Inc., administered until Liberty Healthcare Group, Inc., took these tasks over in 2003.  The Plaintiffs complain that two of the Defendants' payroll practices wrongfully reduced their overtime compensation, thereby violating the FLSA.

The first disputed practice was the "lunch break rule," whereby the timekeeping system forced automatic deductions for break times.  That is, the system automatically deducted a 30-minute break, regardless of how long employees actually took for lunch or whether they took one at all.  The system also automatically extended non-meal breaks to 30 minutes if those breaks lasted between 16 and 29 minutes in duration.  The automatic deductions were not absolute. There was a "checks and balances" system which allowed supervisors to override the deductions, either before the end of the pay period, or after the employees' pay stubs were issued.

The second disputed practice was the Defendants' failure to add non-discretionary

incentive pay to the regular pay rate when calculating overtime pay.

This Court filed an Order (DE # 704) granting Summary Judgement to the Plaintiffs on

the following issues:

1) The FLSA applies.
2) The lunch break rule, as applied, resulted in undercounting of Plaintiffs' overtime
hours.
3) Defendants willfully violated the FLSA, making the applicable statute of limitations
three         years.
4) Plaintiffs are entitled to liquidated damages, as a matter of law.

The Court also held that the Plaintiffs' method for calculating damages was consistent with the

Code of Federal Regulations, 29 C.F.R. §§ 778.110, 778.209, and 778.331, and Plaintiffs'

damages could be calculated objectively using that method.

At a hearing just before beginning the trial, the parties agreed that there were three issues

remaining in this case, and that those issues could be decided by the Court.

## II.    THE STRAIGHT TIME WAGES CLAIM

This case was brought in federal court pursuant to the Fair Labor Standards Act.

Generally, an employee cannot recover damages on a claim pursuant to the FLSA if his or her

average wage exceeds the minimum wage for a work period in which the employee did not work

overtime. Blankenship v. Thurston Motor Lines, 415 F.2d 1193, 1198 (4th Cir. 1969); United

States v. Klinghoffer Bros. Realty Corp., 285 F.2d 487, 490 (2nd Cir. 1960). For example, if a

Plaintiff worked a 40 hour week, but had three half-hours deducted for lunch periods through

which she actually worked, she would have a "straight time" claim for that hour and a half's

worth of pay pursuant to Florida law.

Plaintiffs claim that, although they did not articulate a specific state law claim in their

Second Amended Complaint (DE # 309), they provided sufficient notice to the Defendants of a claim for unpaid straight time, and this Court may construe a valid state law claim over which to exercise supplemental jurisdiction. Pl. Resp. (DE # 717) at 1-3. Defendants argue that, because the Plaintiff never specifically pled the state law claim, to allow the claim would "deprive Defendants of their right to defend against the state law claim." Def. Rep. (DE # 721) at 3. Rule 8 of the Federal Rules of Civil Procedure, the "General Rules of Pleading," provides:

> (a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."

The liberal notice pleading requirements require only that the Defendants receive fair notice of the Plaintiffs' claims and the grounds for those claims. Lombard's, Inc. v. Prince Mfg., Inc.,

In the Second Amended Complaint, Plaintiffs refer repeatedly to claims for "unpaid wages" as well as "unpaid overtime wages." See Second Amended Compl. The Second Amended Complaint specifically separates a claim for "compensatory damages for lost pay for hours worked but for which no compensation was paid because of the effect of the 'lunch break rule'" from "lost overtime to the extent that the operation of the 'lunch break rule' deprived employees of credit for hours worked in excess of forty (40) hours per week. . . ." Id. at ¶ 33. While it did not specify the state law grounds for the claim, Plaintiffs' cognizable claim for straight time wages is included in the Second Amended Complaint, and this Court will exercise supplemental jurisdiction over the claim pursuant to 28 U.S.C. § 1367.

## III.    PERIOD OF DAMAGE RECOVERY

This Court has held that the applicable statute of limitations is three years for the

Plaintiffs' recovery of damages for their claims brought under the FLSA. Order Adopting Report of Magistrate Judge (DE # 704) at 2. The parties dispute the date from which the three years should be counted (the "Operative Date"). The parties agree that for the Plaintiffs who opted in after the lunch-break rule claim was established, the Operative Date is the day that Plaintiff opted in, and for Plaintiffs who opted in before the claim was established, the Operative Date is the day the claim was established. The parties differ on when the lunch-break rule claim was established.

Defendants argue that the claim was established December 23, 2005, "after this Court granted leave to amend and the Second Amended Complaint was actually filed with the Clerk of Court." Def. Reply (DE # 714) at 4. Defendants claim they were not on notice of the lunch-break rule claim until the Second Amended Complaint was filed because it added defendants not previously named in this case, and that was when "the lunch break claim was first pending." Def. Mot. (DE # 710) at 3. Federal Rule of Civil Procedure 15(c), however, allows amendments of a pleading to relate back to the date of the original complaint when the newly named defendants had notice of the action and knew or should have known they would have been named as parties to the action, but for the Plaintiffs' error. Rule 15(c). As this Court has previously found that the corporate Defendants "constitute a common enterprise," and as the first Amended Complaint raised the lunch-break rule claim, this Court holds that the first Amended Complaint provided the required notice. See Report and Recommendation on Plaintiffs' Amended Motion for Partial Summary Judgment (DE # 623).

Plaintiffs argue they are entitled to damages for the three years prior to June 3, 2005, when the Motion for Leave to File and Amended Complaint (DE # 65) and the Amended Complaint (DE # 66), which first raised the lunch-break rule claim, were filed. Pl. Brief. (DE #

5

713) at 2.   For the purposes of determining the statute of limitations, an amended complaint is deemed filed not on the date when leave is granted to amend, but on the date the amended complaint is docketed.  See Pompey v. Lumpkin, 321 F.Supp.2d 1254 (M.D. Ala. 2004).  The docketing of the amended complaint provided the Defendants with notice of the new claims. Accordingly, damages for the FLSA claims will be granted for the three years prior to June 3, 2005, for those Plaintiffs opting in before that date, and each Plaintiff's opt-in date, for those opting in later.

The straight-time claims are subject to a two-year statute of limitations.  McRae v. Douglas, 644 So.2d 1368, 1371 n.1 (Fla. Dist. Ct. App. 1994).  Therefore, damages for the straight time claims will be granted for the two years prior to June 3, 2005, for those Plaintiffs opting in before that date, and each Plaintiff's opt-in date, for those opting in later.

## IV.    THE 46 DISPUTED PLAINTIFFS

While the FLSA generally requires employees receive overtime compensation for time worked beyond forty hours per week, certain employees are exempt from this requirement. See 29 U.S.C. § 207(a); 29 U.S.C. § 213.  Defendants claim that 46 Plaintiffs (the "Disputed Plaintiffs") are exempt from the overtime pay requirements of the FLSA for certain quarters, based on their "high-dollar commission-driven compensation." Def. Mem. at 3 (DE # 708).  The Disputed Plaintiffs and the quarters for which the Defendants claim they are exempt are listed in Attachment A to the Defendants' Memorandum.  Def. Mem. Ex. A at 6-13 (DE # 708-1).  That exhibit lists 51 Plaintiffs, but Defendants Harkness, Landt, Powers, Stokes, and Votino are no longer parties to this action.  Defendants bear the burden of proving a valid exemption under 29 U.S.C. § 213(i).  See Klinedinst v. Swift Investments, Inc., 260 F.3d 1251, 1254 (11th Cir. 2001)

29 U.S.C. § 213(i) provides:

> No employer shall be deemed to have violated subsection (a) of this section by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.

Although the Plaintiffs now question Defendants' proof that they qualify as a retail or service establishment, Plaintiffs have previously admitted as much. The Second Amended Complaint states: "the named Defendant corporations are part of a common enterprise established for the purpose of providing medical supplies, products, and services to the public." (DE # 309) at 10. Neither party claims Defendants provide these goods and services without being paid. Accordingly, the Defendants must show that the Disputed Plaintiffs regular rate of pay was more than one and one-half the applicable minimum hourly rate, and that more than half their compensation for representative periods represent commissions on goods or services.

**A) The Disputed Plaintiffs' Regular Rate of Pay was more than One and One-Half the Applicable Minimum Hourly Rate**

29 U.S.C. § 213(i) provides that, to be exempt, an employee must be paid a regular rate of pay "in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title." 29 USC 206(a)(1) sets the minimum wage at "not less than $5.15 an hour." One and one-half times $5.15 is $7.73. Defendants argue each Disputed Plaintiffs total compensation, divided by total hours worked (including the automatically deducted lunch-break

7

periods) results in a regular rate of pay in excess of $7.75 for each relevant quarter, and therefore this element is satisfied.  Def. Mot. (DE # 708) at 10-11.  Plaintiffs do not dispute Defendants' calculations, but argue that the applicable minimum wage is Florida's minimum wage, rather than the Federal minimum wage.  Pl. Mot. (DE # 712) at 4-5; Pl. Resp. (DE # 723) at 4-5.  While the FLSA provides that "[n]o provision of this chapter . . . shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter," 29 U.S.C. § 218(a), section 213(i) specifically refers to the Federal minimum wage.  29 U.S.C. § 213(i).  Accordingly, this Court finds the Disputed Plaintiffs' regular rate of pay was more than one and one-half the applicable minimum hourly rate, and the Defendants have satisfied their burden on this issue.

### B) The Flat-fee, Per-item Incentives Are Not Commissions

Defendants show their calculations of the Disputed Plaintiffs' commissions as a percentage of their total compensation for the relevant quarters in Attachment A to the Defendants' Memorandum in Support of their Affirmative Defense Applying the Exemption Pursuant to 29 U.S.C. § 207(i).  Def. Mem. Ex. A (DE # 708-1) at 6-13.  Defendants calculated the Disputed Plaintiffs' total commissions by  including incentive payments which were a percentage of their total sales, as well as flat-fee, per-item incentives they received for selling particular items.  Def. Mem. (DE # 708) at 12-13.  The flat-fee, per-item incentives were specific dollar amounts tied to particular items which the Defendant companies wished to sell, for example, a salesperson might receive $3 for each glucose meter sold.  Def. Mem. (DE # 708) at 14. Defendants claim the flat-fee, per-item incentives are commissions, arguing that a flat-fee, per-item incentive is no different than a commission based on a percentage of the item's value.

Id. at 13-14.  As support, Defendants cite <u>Klinedinst v. Swift Investments, Inc.</u>, in which the Eleventh Circuit held an employer's "flat rate system constitutes a form of commission payment."  260 F.3d 1252, 1257 (11th Cir. 2001).

In the flat rate system at issue in <u>Klinedinst</u>, automobile painters were paid a flat rate for individual tasks, determined by estimating the time necessary for the task and their hourly pay rate.  <u>Id.</u> at 1253.  Regardless of how long the task actually took, the painters received the flat rate for completing the job.  <u>Id.</u>  The Eleventh Circuit found that the <u>Klinedinst</u> flat rate system provided "incentives for employees to work efficiently and effectively to the benefit of the employer, who may then take on more customers at a greater profit margin, and the employee, who reaps the benefits of increased flag hours regardless of the actual amount of hours worked," and, therefore, the <u>Klinedinst</u> flat rate system provided commissions for the purpose of § 7(i).  <u>Id.</u> at 1256.

Flat-fee, per-item payments of the type in use here are also called spiffs.  <u>See</u> Def. Resp. (DE # 716) at 5 n.3.  Spiffs may be set by a manufacturer who wants to move a particular product, for example, and offers a payment to the salesperson for selling their product rather than another.  Here, the spiffs were offered by the Defendants to encourage their salespeople to push particular products.  The spiff amounts were set based on the Defendants goals, and not related to the value of the products.  <u>See</u> Deposition of Jonathan Starr (DE # 723-4) at 47-48.  Defendants cite to <u>Brennan v. Deel Motors</u>, which referred to spiffs as "commissions," as support for their position.  Subsequently, however, the Eleventh Circuit, *distinguished* a spiff from a commission.  In <u>Olson v. Superior Pontiac-GMC, Inc.</u>, the Eleventh Circuit remarked that the plaintiff car salesmen were paid both commissions and "daily cash bonuses called SPIFFS for selling

9

designated cars or options," which were payable at different times.  765 F.2d 1570, 1571 (11th Cir. 1985).

Plaintiffs claim that the flat fees are not bona fide commissions.  Plaintiffs first cite the Department of Labor Field Operations Handbook § 21h04(c) (the "Handbook") as support for this position.  Def. Mot. (DE # 712) at 5.  That section of the Handbook reads: "[s]ome auto service garages pay employees a flat fee to recondition used cars which are subsequently sold.  Such payments which are paid without regard to the value of the service performed do not represent 'commissions on goods or services' for purposes of Sec 7(i)."  Handbook § 21h04(c).  Plaintiffs also rely upon United States Department of Labor Opinion Letter, FLSA 2005-53 (the "Letter").  Pl. Mem. (DE # 712) at 5.  The Letter notes that the "whole premise behind earning a commission is that the amount of sales would increase the rate of pay" and that "[c]omissions, for purpose of Sec[tion] 7(i) usually denotes a <u>percentage</u> of the amount of monies paid out or received."  Letter at 2 (emphasis in original).  The Letter distinguishes "compensation by flat dollar amounts per lesson or session conducted for instructional employees, like aerobics instructors, and to flat fees per membership sold for the clubs' membership sales employees [from] commissions that may be a percentage of a 'club's revenue per lesson or session,' or of a 'club's revenues per lesson sold.'"  <u>Id.</u>

Unlike the flag hours in <u>Klinedinst</u>, the spiffs at issue here are not "incentives for employees to work efficiently and effectively."  260 F.3d at 1256.  Rather than efficiency, they encourage the salespeople to push particular products, and the products for which spiff is given may change from time to time.  Traditional commissions, given as a percentage of the value of the product sold, encourage salespeople to greater sales for their employer.  Here, the price of the

10

item sold is largely irrelevant to the associated spiff, and this Court finds that the flat-fee, per-item incentives here are not commissions for the purposes of the FLSA. Defendants fail to show that the Disputed Plaintiffs' commissions, without including the non-commission, flat-fee, per-item incentives, constitute more than half their compensation.

## V.     CONCLUSION

For the reasons described above, it is

ORDERED AND ADJUDGED that the Plaintiffs may recover for unpaid "straight time" wages. It is further

ORDERED AND ADJUDGED that damages for the FLSA claims will be granted for the three years prior to either June 3, 2005, or a Plaintiff's opt-in date, whichever is later. Damages for straight-time claims will be granted for two years prior to either June 3, 2005, or a Plaintiff's opt-in date, whichever is later. It is additionally

ORDERED AND ADJUDGED that the 46 Disputed Plaintiffs are not exempt from the FLSA and may recover for unpaid overtime wages. It is finally

ORDERED AND ADJUDGED that, as the only remaining issue in this case is the calculation of damages, which the parties assured this Court could be quickly and jointly accomplished upon the resolution of these final issues, the parties shall file a joint calculation of damages within ten (10) days of the date of this Order. The Clerk is instructed to CLOSE this case for administrative purposes.

DONE AND ORDERED in Chambers at Miami, Florida, this 23 day of May, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:     United States Magistrate Judge Lynch
        All counsel of record

11