UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-14059-CIV-MOORE/LYNCH

CATHERINE EALY-SIMON, et al. on
behalf of themselves and all similarly situated
persons,

                Plaintiffs,

v.

LIBERTY MEDICAL SUPPLY, INC., et
al.,

                Defendants.       /

## DEFENDANTS' EMERGENCY MOTION TO DISSOLVE WRITS OF GARNISHMENT

Defendants Liberty Medical Supply, Inc., Stephen C. Farrell, and Warren Keith Trowbridge ("Defendants"), by counsel and pursuant to S.D. Fla. L.R. 7.1.E, submit this Emergency Motion to Dissolve Writs of Garnishment, and in support thereof state as follows:

### INTRODUCTION

1.  Plaintiffs have obtained and served Writs of Garnishment on the Bank of America garnishing the accounts of Liberty Medical Supply, Inc., Stephen Farrell, and Warren Keith Trowbridge for more than twice the amount of the damages award in this case,[1] notwithstanding the indisputable legal principle that the damages award is not yet a judgment that can be executed upon because of the continued pendency of Plaintiffs' motions for fees and costs. They did so secretly and without any notification whatsoever to any of the Defendants in this action,

---

[1] The total amounts garnished on the face of the Writs amount to nearly twice the damages award, and the bank adds some 30% to that amount to cover interest and fees.

taking unfortunate advantage of an undoubtedly unwitting deputy clerk of this Court.[2]  This has set forth a chain of events that Defendants now move to stop on an emergency basis.

## FACTUAL BACKGROUND

2.  On March 12, 2008, Plaintiffs had three invalid "Writs of Garnishment" served on the "garnishee," the Port St. Lucie and Plantation, Florida branches of the Bank of America. Specifically, the bank was served with Writs of Garnishment as to Liberty Medical Supply, Inc. in the amount of $870,901.49, as to Stephen Farrell in the amount of $473,786.52 and as to Warren Keith Trowbridge in the amount of $362,801.10.  (The Writs of Garnishment are attached hereto as Exhibits A-C.)  Although the Writs of Garnishment purport to concern "judgments" issued against the Defendants in this case, there is no judgment on which Plaintiffs may execute.  The Writs of Garnishment are invalid because the inchoate judgments are not yet final and are, therefore, not yet subject to execution.

3.  On December 4, 2007, the Court entered an "Order of Final Judgment" against Defendants in amounts up to $870,901.49 (the full amount of the judgment, which was rendered against Liberty Medical Supply, Inc.) (the "Damages Award").  (DE 752.)  Of this amount, $836,594.80, or more than 96% of the total award, was based on Plaintiffs' Fair Labor Standards Act ("FLSA") claims.  (*See* DE 752 at 18-22.)

4.  On January 4, 2008, Plaintiffs moved for an award of attorney's fees and costs. (DE 755-57.)

5.  On March 7, 2008, Magistrate Judge Lynch issued a Report and Recommendation on Plaintiffs' motions for attorney's fees and costs.  (DE 765.)  The time within which to file objections to this Report and Recommendation has not yet lapsed.  *See* 28 U.S.C. § 636(b)(1)(C),

---

[2]  Evidently Plaintiffs accomplished this by filing a series of documents under "seal" (DE 766-71) without having made a prior motion let alone receiving Court approval.  *See* S.D. Fla. L.R. 5.4; *see also* Fed. R. Civ. P. 5.

Fed. R. Civ. P. 72(b), S.D. Fla. Mag. J. R. 4(b); *see also* Fed. R. Civ. P. 6(a), 6(e). Defendants will, however, file timely objections to the Report and Recommendation.

## ARGUMENT

6. The United States Court of Appeals for the Eleventh Circuit holds that "attorney fees are an integral part of the merits of FLSA cases and . . . a final determination as to the award of attorney fees is required as part of the final appealable judgment." *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987). Thus, the Eleventh Circuit held that the "judgment" for damages entered in that case was not a final judgment at all since the attorney's fee motion had yet to be decided. The exact situation exists here because this Court has not yet made a "final determination as to the award of attorney fees" in this case. Thus, there is no "final appealable judgment." This dooms Plaintiffs' ability to execute on the Damages Award, as they have attempted to do with the Writs of Garnishment.

7. A "judgment" is defined as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Under *Shelton*, therefore, the Damages Award is not a "judgment" under the Federal Rules and is not subject to execution. *See* Fed. R. Civ. P. 69(a) ("Process to enforce a *judgment* for the payment of money shall be a writ of execution . . . ."); Fed. R. Civ. P. 62(a) ("no execution shall issue upon a *judgment* nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry") (emphasis added).

8. This exact issue was decided by this Court in the sister case, *Tennell v. Liberty Medical Supply, Inc.*, Case No. 06-14279-CIV-MOORE/LYNCH. In that case, after the Court issued a damages award (on plaintiff Mary Schaefer's FLSA and state law claims (*Tennell* DE 106)) -- which, like the Damages Award here, was called a "Final Judgment" -- but before the issue of attorney's fees had been litigated, defendants noted an appeal to the Eleventh Circuit and

3

Case 2:05-cv-14059-KMM   Document 772   Entered on FLSD Docket 03/13/2008   Page 4 of 8

moved for waiver of security in lieu of filing a supersedeas bond and for a stay of execution of the "Final Judgment." (*Tennell* DE 109-110.) In response to defendants' motion, plaintiff Schaefer argued that the motion should be stricken as "premature" based on *Shelton*. (*Tennell* DE 122 at 5.) Magistrate Judge Lynch agreed that *Shelton* precluded execution on the damages award before the attorneys' fee issue was decided and denied defendants' motion "as premature." In so doing, the Court held, "Plaintiff Schaefer has taken the position that the Final Judgment cannot be subject to execution while the attorney fees (and costs) issue remains pending." (*Tennell* DE 133.) Since no party filed objections to that ruling, it should control equally in the present case. In any event, the ruling is clearly correct, as explained above, pursuant to *Shelton*.

9. Any other result would create the impossibly contradictory situation that a damages award could be executed upon by a prevailing plaintiff even though the defendant had no right to appeal from it and no right to a supersedeas bond or a stay. Indeed, as Magistrate Lynch noted in his ruling in *Tennell*, "the more practical course of action would have been to await the resolution of the attorney fee and costs motions." *Id.* Obviously, that is only more practical so long as Plaintiffs are not free to execute on the damages award in the meantime.

## FLORIDA LAW

10. Finally, Rule 69(a) states that "[t]he procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held . . . ." Fed. R. Civ. P. 69(a). Therefore, it is necessary to briefly discuss Florida law.

11. Chapter 77 of the Florida Statutes governs writs of garnishment. Because there has been no judgment, as explained above, the instant Writs of Garnishment cannot be ones issued "after judgment." Fla. Stat. § 77.03. Therefore, they could only be ones issued "before

4

judgment." *See id.* § 77.031. But in that case, Plaintiffs would have had to have filed in this Court "a verified motion or affidavit alleging by specific facts," among other things,[3] that they "believe[ ] that the defendant will not have in his or her possession, after execution is issued, tangible or intangible property in this state and in the county in which the action is pending on which a levy can be made sufficient to satisfy the plaintiff's claim." *Id.* at § 77.031(2). Plaintiffs simply could not have made any such allegations in good faith. Therefore, no basis exists under Florida law for the Writs of Garnishment to have issued.

## EMERGENCY NATURE OF THIS MOTION AND RELIEF REQUESTED

12. Service of the Writ of Garnishment created a lien on Defendants' funds that are on deposit with the Bank of America. Fla. Stat. § 77.06(1). Those liens effectively freeze the accounts of Liberty Medical and Messrs. Farrell and Trowbridge and deprive them of access to their funds, exposes them to the risk of having checks returned to the payee and, especially in the case of the individuals, otherwise cause damage to their finances and credit. This is very damaging and prejudicial and will only be magnified if this Motion is dealt with on the usual briefing schedule.

13. On the other hand, there is no prejudice to Plaintiffs. They have gotten something to which they are not entitled. They will be entitled to a supersedeas bond in due course, and Liberty Medical will post one, for the benefit of all Defendants, for the full amount required. Liberty is part of a large, multi-billion dollar company. There is no risk that any amounts that Plaintiffs are ultimately determined to be due will not be paid.

14. Now, however, a bond is premature because the Damages Award is not a final appealable and executable judgment. The Writs of Garnishment are invalid for that reason as

---

[3] Plaintiffs also would have had to have given a bond with surety "payable to the defendant in at least double the amount of the debt demanded, conditioned to pay all costs, damages, and attorney's fees that the defendant sustains in consequence of the plaintiff's improperly suing out the writ of garnishment." *Id.* at § 77.031(3).

5

well, as are the liens they purport to impose on Defendants' accounts. Defendants are entitled to have them lifted by way of entry of an order dissolving the Writs of Garnishment forthwith.

15. Finally, Defendants are entitled to an award of fees for having to pursue this motion, pursuant to the Court's inherent authority and 28 U.S.C. § 1927, for Plaintiffs' abuse of the judicial process. They also are entitled to sanctions against Plaintiffs' counsel, who pursued these Writs in secret by filing them under seal and never (not even to this day) serving them on Defendants' counsel. However, dealing with that issue does not require emergency action by the Court.

WHEREFORE, Defendants respectfully request that the Court:

a. grant the present Motion and enter an order dissolving as invalid *nunc pro tunc* all Writs of Garnishment that have been issued in this case; and

b. grant Defendants leave to file a motion for fees and sanctions within ten days.

### S.D. Fla. L.R. 7.1(A)(3) Certification

Counsel for movants has made reasonable efforts to confer with counsel for Plaintiffs in a good faith effort to resolve the issues raised in this Motion, in accordance with Local Rule 7.1(A)(3), and has been unable to do so.

Dated:  March 13, 2008                              Respectfully submitted,


/s/ Haas A. Hatic
David Barmak (admitted *pro hac vice*)
Frank T. Pimentel (admitted *pro hac vice*)
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
701 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20004
202-434-7300 (Telephone)
202-434-7400 (Facsimile)

Haas A. Hatic (Fl. Bar No. 843989)
haas.hatic@gmlaw.com
GREENSPOON MARDER, P.A.
Trade Centre South, Suite 700
100 West Cypress Creek Road
Fort Lauderdale, Florida 33309
Telephone:  (954) 491-1120
Facsimile:  (954) 343-6956

Attorneys for Defendants


## Certificate of Service

I HEREBY CERTIFY that on March 13, 2008, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified in the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Haas A. Hatic
Haas A. Hatic

**SERVICE LIST**
**Ealy-Simon, et al. v. Liberty Medical Supply, et al.**
**Case No. 05-14059-MOORE/LYNCH**
**United States District Court Southern District of Florida**

Mark A. Cullen, Esquire
Beth L. Blechman, Esquire
mailbox@cullenlawfirm.net
THE CULLEN LAW FIRM, P.A.
2090 Palm Beach Lakes Boulevard, Suite 400
West Palm Beach, Florida 33409
Telephone: (561) 640-9191
Facsimile: (561) 214-4021

Attorneys for Plaintiffs

David Barmak (admitted *pro hac vice*)
Frank T. Pimentel (admitted *pro hac vice*)
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
701 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20004
202-434-7300 -- (Telephone)
202-434-7400 (Facsimile)

Haas A. Hatic (Fl. Bar No. 843989)
haas.hatic@gmlaw.com
GREENSPOON MARDER, P.A.
Trade Centre South, Suite 700
100 West Cypress Creek Road
Fort Lauderdale, Florida 33309
Telephone: (954) 491-1120
Facsimile: (954) 343-6956

Attorneys for Defendants